**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Robert Harper,<br><br>          Defendant. | No. CR-99-00960-001-PHX-JAT<br><br>**ORDER** |

       Pending before the Court is Robert Harper's motion for modification of his sentence. (Doc. 37). The government has responded (Doc. 45), and the Court now rules.

       On June 23, 2000, while serving a term of 35 years to life imprisonment in Florence, Arizona, Harper was convicted in this Court for mailing a threatening communication in violation of 18 U.S.C. § 876 and sentenced to a term of 37 months to run consecutively to his previously imposed term.[1] (Doc. 37 at 1). As of August 8, 2021, Harper is on parole for his original sentence and has begun serving his consecutive terms. (*Id.*) On July 29, 2021, Harper moved for a modification of his 37-month sentence from consecutive to concurrent, or in the alternative, a suspension of that sentence, arguing that extraordinary and compelling reasons justify his release from incarceration. (*Id.* at 1–2); *see* 18 U.S.C. § 3582(c)(1)(A)(i).

       Section 3582(c)(1)(A), however, provides that a defendant may only bring such a

---

[1] Additionally, on October 15, 1993, while imprisoned in Lorton, Virginia for the same 35 years to life sentence, Harper was convicted in the Eastern District of Virginia for assault with intent to commit a felony and sentenced to 96 months to run consecutively to his previously imposed term. (Doc. 37 at 1).

motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." "[T]he language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional." *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020); *see also United States v. Alvarez Espinoza*, No. CR-08-00611-02-PHX-DGC, 2020 WL 3200344, at *2 (D. Ariz. June 15, 2020) (collecting cases in which courts in the Ninth Circuit have concluded § 3582's exhaustion requirement is "mandatory and cannot be waived by the Court"). "Thus, the Court may not consider a defendant's motion without proof that he meets this exhaustion requirement." *United States v. Moore*, No. CR-16-01202-008-PHX-DJH, 2021 WL 1056445, at *2 (D. Ariz. Mar. 18, 2021); *see also United States v. Keller*, 2 F.4th 1278 1280 (9th Cir. 2021) ("Joining five circuits, we take this opportunity to clarify that a district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement.").

In this case, Harper has failed to demonstrate that he exhausted his administrative remedies. Although Harper's motion describes the substantive basis for sentence reduction and compassionate release, Harper offers no proof that he complied or attempted to comply with available (and mandatory) administrative procedures.

Because Harper failed to do so,

**IT IS ORDERED** that Harper's motion for modification of sentence (Doc. 37) is **DENIED** without prejudice.

Dated this 25th day of October, 2021.

James A. Teilborg
Senior United States District Judge